UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| LAUREN ANDERSON ) | |
| ) | |
|    Plaintiff, ) | Case: 1:22-cv-01326 |
| ) | |
| v. ) | |
| ) | |
| O'BRIEN STEEL SERVICE COMPANY ) | |
| ) | |
|    Defendant. ) | Jury Trial Demanded |
| ) | |

## COMPLAINT

Plaintiff, Lauren Anderson (the "Plaintiff"), file this Complaint against Defendant, O'Brien Steel Service Company ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII") for Defendant's discrimination on the basis of sex and sexual harassment against Plaintiff, in violation of Title VII.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*.

3. Venue of this action properly lies in the Central District of Illinois, Peoria Division, pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction under § 706 of Title VII, 42 U.S.C. §2000e-5, have occurred or been complied with.

5. A charge of sexual harassment and sex-based discrimination was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") and Illinois Department of Human Rights ("IDHR"). (Attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of her receipt of the EEOC's Notice of Right to Sue.

## PARTIES

7. At all times material to the allegations of this Complaint, Plaintiff, Lauren Anderson, resides in Peoria County in the State of Illinois.

8. At all times material to the allegations in this Complaint, Defendant, O'Brien Steel Service Company, is a company doing business in and for Peoria County whose address is 1700 NE Adams Street, Peoria IL 61603.

9. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e (f).

10. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## BACKGROUND FACTS

11. Plaintiff was hired by Defendant as an associate in or about February 5, 2019.

12. Within Plaintiff's first week of being employed she was subjected to disparate treatment on the basis of her sex.

13. During Plaintiff's employment she was subjected to harassment on the basis of her sex.

14. Plaintiff's manager, Robert McNickel treated her less favorably than similarly situated employees outside of her protected class.

15. Robert McNickel subjected Plaintiff to multiple adverse employment actions on the basis of her sex.

16. For example, on or about July 8, 2020, Plaintiff requested one day off due to a medical emergency, in which she would use an accrued vacation day for.

17. Robert McNickel approved the request for the one day off, but when Plaintiff returned to work the following day, Robert McNickel retroactively denied her request for a day off and then suspended her for three days without pay.

18. Robert McNickel regularly approved male employees requests for days off but failed to treat Plaintiff, as a female the same.

19. In or around March 2022, Defendant accused Plaintiff of cutting off a lock on a company vehicle.

20. To Plaintiff's knowledge and reasonable belief, the male employee that did cut the lock was never disciplined, but Plaintiff was harassed and blamed on the basis of her sex for something she did not do.

21. Plaintiff was also written up by Robert McNickel after a male employee got in Plaintiff's face, pointed their finger in her face, while screaming and cursing her out.

22. Robert McNickel blamed Plaintiff for the altercation when she only said, "do your effing job, and let's just all get back to work," after Plaintiff was berated by the other male employee.

23. On or about June 25, 2022, Plaintiff was assigned to special loads and one of those special loads was Volvo.

24. On this particular day, first shift stayed until 5:00 p.m., which was odd because the first shift gets off at 3:00 p.m. and are usually gone when Plaintiff arrives.

25. As soon as Plaintiff arrived for her shift, she was approached by the Volvo truck driver. He informed Plaintiff that he had been there since 12:00 p.m. waiting to be loaded.

26. First shift told the Volvo driver that he had to wait for Plaintiff to arrive, which was completely false, and the driver knew because this had never happened before. The Volvo Driver left and went to a different facility to be loaded.

27. The entire first shift was laughing at Plaintiff as she was blamed for this. Robert McNickel backed the entire first shift, and blamed Plaintiff, even though she was not there and her shift did not start until 5:00 p.m.

28. On or about June 30, 2022, the sex-based harassment became so bad, that Plaintiff was constantly being screamed at and berated by the Joel (Lead Purchaser), because Plaintiff happened to fix several of his mistakes from first shift (Plaintiff worked on second shift) and he did not like that.

29. Joel constantly would tell him untruths about Plaintiff and her work, which as a result, Robert McNickel would immediately run towards Plaintiff screaming and pointing his finger in her face.

30. After repeated discrimination and harassment on the basis of Plaintiff's sex, on or about July 5, 2022, Robert McNickel terminated Plaintiff on the basis of her sex, after she engaged in Title VII protected activity by making a complaint against Robert McNickel for the sex-based harassment and discrimination.

31. As such, Plaintiff has suffered loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT I
### Sex-Based Harassment in Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.

32. Plaintiff repeats and re-alleges paragraphs 1-31 as if fully stated herein.

33. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed the Plaintiff on the basis of her sex, female, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

34. Defendant knew or should have known of the harassment.

35. The sex-based harassment was severe or pervasive.

36. The sex-based harassment was offensive subjectively and objectively.

37. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to her sex, female.

38. Defendant acted in willful and reckless disregard of Plaintiff's protected rights. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and

continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

39. By reason of Defendant's sexual harassment, Plaintiff suffered severe harm and is entitled to all legal and equitable remedies under Title VII.

## COUNT II
### Sex-Based Discrimination in Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

40. Plaintiff repeats and re-alleges paragraphs 1-31 as if fully stated herein.

41. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on her sex, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

42. Defendant treated similarly situated employees outside of Plaintiff's class more favorably.

43. Plaintiff suffered from an adverse employment action including but not limited to being constructively discharged.

44. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII of the Civil Rights Act of 1964.

45. Defendant acted in willful and reckless disregard of Plaintiff's protected rights. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

46. By reason of Defendant's discrimination, Plaintiff suffered severe harm and is entitled to all legal and equitable remedies under Title VII.

## COUNT III
**Retaliation in Violation of 42 U.S.C. § 2000e,** *et seq.*

47. Plaintiff repeats and re-alleges paragraphs 1-31 as if fully stated herein.

48. Plaintiff is a member of a protected class under 42 U.S.C. § 2000e, *et seq*.

49. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted unlawful sex-based discrimination and harassment, which created a sufficiently severe or pervasive work condition in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

50. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of sex-based discrimination and harassment.

51. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

52. By virtue of the foregoing, Defendant retaliated against Plaintiff based on her reporting the sex-based discrimination and harassment, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

53. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

54. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

## RELIEF REQUESTED

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

      a.      Back pay and benefits;

      b.      Interest on back pay and benefits;

      c.      Front pay and benefits;

      d.      Compensatory damages for emotional pain and suffering;

      e.      Pre-judgment and post-judgment interest;

      f.      Injunctive relief;

      g.      Liquidated damages;

      h.      Punitive damages;

      i.      Reasonable attorney's fees and costs; and

      j.      For any other relief this Court may deem just and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 22nd day of September 2022.

*/s/ Nathan C. Volheim*
**NATHAN C. VOLHEIM, ESQ.**
SULAIMAN LAW GROUP LTD.
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 568-3056
Fax (630) 575 - 8188
E-mail: nvolheim@sulaimanlaw.com
*Attorney for Plaintiff*

*/s/ Chad W. Eisenback*
**CHAD W. EISENBACK, ESQ.**
SULAIMAN LAW GROUP LTD.
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 307-7632
Fax (630) 575 - 8188
E-mail: ceisenback@sulaimanlaw.com
*Attorney for Plaintiff*